UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP JAMES BROWN, JR.,
Plaintiff,

v.

IMPERFECT FOODS INC., et al.,
Defendants.

Case No. 25-cv-10416-NW

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 37

Plaintiff Phillip Brown, Jr. brings claims, on behalf of himself and others similarly situated, against his former employer Defendant Imperfect Foods, Inc. and its parent company Defendant Misfits Market (together, Defendants) for failure to pay minimum wages, pay overtime, and provide meal and rest breaks. Compl., ECF No. 1-1. Plaintiff initiated two cases in Santa Clara Superior Court under the same name, asserting state labor law claims in one, and a claim under California's Private Attorneys General Act ("PAGA") in the other. Defendants removed both cases to this Court.[1]

Now, Plaintiff moves to remand his case to state court. ECF No. 37. The motion is fully briefed. ECF Nos. 39, 42. For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff worked for Imperfect Foods as a delivery driver from December 2020 to November 2022, and again from January 2024 to March 2025. ECF No. 37-1 ¶ 13 ("Brown

[1] The Court heard oral argument in both cases, *25-cv-10416* and *26-cv-03144*, on July 29, 2026. During the hearing, the Court ordered the cases consolidated under the lowest numbered case, *25-cv-10416*, as agreed by the parties.

United States District Court
Northern District of California

Decl."). During his first period of employment, there was no union. *Id.* ¶ 13. In the period in between Plaintiff's stints of employment (between November 2022 and January 2024), Imperfect Foods employees gained the opportunity to become union members. When Plaintiff rejoined Imperfect Foods in January 2024, he understood that joining the union was optional and he elected not to join. *Id.* ¶ 4.[2] Plaintiff recalls that he was encouraged to join by union representatives, but he continued to choose not to participate. *Id.* ¶ 6.

In February 2025, Plaintiff took a leave of absence from his job under the Family and Medical Leave Act. *Id.* ¶ 7. When he began the process of returning to work after his leave, he understood from Human Resources that he was required to opt-in to the union or he would not be allowed to return to work. *Id.* ¶ 8. Plaintiff explains that "[n]o one from the Company told me I needed to join the union prior to my FMLA leave." *Id.* ¶ 9. Plaintiff "chose to resign rather than join the union." *Id.* ¶ 10. He has never paid any union dues. *Id.* ¶ 11.

In this putative class action, Plaintiff brings eight causes of action under California state law: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime under Labor Code § 510; (3) Meal Period Liability Under Labor Code § 226.7; (4) Rest-Break Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5; (7) Penalties Pursuant to Labor Code § 203; and (8) Violation of Business & Professions Code § 17200, et. seq. He additionally brings one cause of action under PAGA, Labor Code §§ 2698, et seq. *See* 26-cv-3144, ECF No. 1-1.

## II. LEGAL STANDARD

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject matter jurisdiction. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final

[2] Defendants raise numerous evidentiary objections to Plaintiff's declaration, primarily arguing that the testimony is hearsay. ECF No. 39 at 10. The Court disagrees and overrules Defendants' objections. Plaintiff is offering these statements for the effect they had on him. Fed. R. Evid. 801. To the extent the Court relies on the objected to portions of Plaintiff's declaration, the Court only considers the statements for that purpose; namely the effect that they had on Plaintiff.

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441) (internal quotations omitted).

## III. DISCUSSION

Plaintiff originally filed suit in Santa Clara Superior Court. On December 4, 2025, Imperfect Foods removed this action to federal court, asserting federal question jurisdiction on the grounds that Plaintiff's claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA") because they depend on the interpretation of a collective bargaining agreement ("CBA"). *See* ECF No. 1 at 2; 29 U.S.C. § 185(a).

The parties do not disagree that Imperfect Foods now has a CBA that outlines the terms and conditions of employment for covered delivery drivers assigned to work within a specified geographic region. They dispute only whether Plaintiff's employment was governed by the CBA, and therefore, whether his claims are preempted. Given that he is not a member of a union (nor has been), Plaintiff contests that he is subject to a CBA and that his claims require interpretation of a CBA. Plaintiff moves to remand his case to state court on the grounds that Defendants have not met their burden to demonstrate jurisdiction pursuant to Section 301 preemption. *See* ECF No. 37 at 6.

### A. Federal Question Jurisdiction: Section 301 Preemption

Defendants assert that this Court has jurisdiction over Plaintiff's claims because a federal question exists under Section 301 of the LMRA. 29 U.S.C. § 185(a). Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties" without consideration of the parties' diversity of citizenship or the amount in controversy. *Id*. "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform

body of federal common law to adjudicate disputes that arise out of labor contracts. Thus, any suit 'alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151–52 (9th Cir. 2019) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). Importantly, "[a]lthough normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Put simply, a civil complaint that brings state law claims preempted by § 301 raises federal questions such that the case can be removed to federal court.

Courts engage in a two-step test to assess whether state law claims are preempted by § 301. *Curtis*, 913 F.3d at 1152. The Court addresses the two steps in turn.

**1. Whether the Cause of Action Involves a Right Under the CBA**

Under the first step, courts "ask whether the asserted cause of action involves a right that exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152 (internal quotes omitted). In other words, "[t]he essential inquiry is this: Does the claim seek purely to vindicate a right or duty created by the CBA itself? If so, then the claim is preempted, and the analysis ends there." *Id.* (internal quotes omitted).

Here, at the first step of the preemption test, Plaintiff argues that he does not assert rights that stem from Imperfect Foods' CBA. More specifically, Plaintiff maintains that he has never been a member of a union and that his employment was not governed by the CBA so he could not "seek purely to vindicate a right or duty created by the CBA." *Id.* "During Plaintiff's first stint of employment, there existed no union, thus there could be no governing CBA and therefore no applicable grievance procedure. During his second stint, Plaintiff repeatedly declined to join the union. Plaintiff never paid any union dues and resigned rather than join the union." ECF No. 37 at 9 (citing Brown Decl. ¶¶ 4, 6, 10-11, 13). As a result, Plaintiff has no ability to utilize the CBA's grievance procedures for union employees. "Because Plaintiff is not covered by a CBA, [his] rights exist in state law independent of any CBA—therefore, [his] claim is not preempted at

step one." *Delgado v. Lakin Tire W., LLC*, No. 2:24-CV-10595-CBM-JC, 2025 WL 1074787, at *3 (C.D. Cal. Apr. 9, 2025).

Defendants contend that Plaintiff is "subject to the terms of the CBA regardless of his union membership" because Plaintiff falls within the parameters of the bargaining unit, namely, that Plaintiff was a delivery driver within a certain geography. ECF No. 39 at 15. Plaintiff was certainly not subject to the terms of the CBA during his first stint of employment because it did not yet exist. For his second stint, as Plaintiff points out, the CBA itself permits non-bargaining unit employees. ECF No. 1-3, Ex. A, CBA § 1.3 ("The Employer shall have the right, in its sole, absolute, and unilateral discretion, to subcontract, sublease, or otherwise have bargaining work performed by non-bargaining unit employees."). Defendants have not squared this provision with Plaintiff's assertions; it is not clear whether Plaintiff was a "non-bargaining unit employee[]" falling outside of the purview of the CBA. It is Defendants' burden to establish grounds for removal, and they have not done so here. Defendants have not provided evidence to rebut Plaintiff's assertions that he was a non-bargaining unit employee. The Court, as it must, "resolves all ambiguity in favor of remand to state court," by resolving any questions about Plaintiff's CBA coverage in favor of remand. *Hunter*, 582 F.3d at 1042.

Accordingly, under the first step, the Court finds that Plaintiff does not assert rights that "exist[] solely as a result of the CBA." *Curtis*, 913 F.3d at 1152.

**2. Whether the Rights Require Analysis of the CBA**

Turning to the second step of the claim preemption analysis, courts consider "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Id*. at 1153 (internal quotes omitted). If the claim is substantially dependent on analysis of the CBA, then the claims are preempted under the LMRA and federal jurisdiction is appropriate. *Id*.

Defendants assert only that Plaintiff's claims for overtime, meal and rest period, and minimum wage are preempted.[3] According to Defendants, those claims require interpretation of

[3] For the remainder of Plaintiff's claims, Defendants ask the Court to exercise supplemental jurisdiction. ECF No. 39 at 30.

the CBA, including "substantial interpretation of the CBA's" meal and rest provisions and "entitlement to any alleged unpaid minimum wage." ECF No. 39 at 24, 27. To make this point, however, Defendants raise a strawman argument. Defendants contend, for example, that the CBA provides bargaining unit employees with a more generous standard for meal and rest breaks than state law requires, so, if Plaintiff wants to hold Defendants to that higher CBA standard, then interpretation of the CBA will be necessary. Yet, Plaintiff is not seeking to assert rights under the CBA. Instead, Plaintiff brings his meal and rest break claim under the California Labor Code. Defendants have not shown how Plaintiff's "state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153.

This same logic applies to Defendants' challenges to Plaintiff's overtime and minimum wage claims. Plaintiff can establish these rights without resorting to the provisions of the CBA. *See Silva v. Medic Ambulance Services*, *Inc.*, 846 F. App'x 592, 593 (9th Cir. 2021) ("Indeed, [the employee] can establish that [the employer] required her to remain on call during rest periods without resort to the CBA's provisions.").

The Court finds that Plaintiff's state law claims are not substantially dependent on an analysis of the CBA, and accordingly, are not preempted.

**IV. CONCLUSION**

Having found that Plaintiff's claims are not preempted by Section 301, and therefore that the Court lacks subject matter jurisdiction over the case, the Court GRANTS Plaintiff's motion to remand. This action is REMANDED to Santa Clara Superior Court.

Because the Court lacks subject matter jurisdiction over Plaintiff's claims, Defendants' Motion for Judgment on the Pleadings is denied as moot.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Noël Wise
United States District Judge